**UNITED STATES of America ex rel. THISTLETHWAITE, Plaintiff,**

v.

**DOWTY WOODVILLE POLYMER LIMITED, Richard Walker and Michael Thompson, Defendants.**

No. 94 Civ. 3521.

United States District Court,
S.D. New York.

Jan. 15, 1996.

Engel & McCarney, New York City (Thomas E. Engel, of counsel), for plaintiff.

United States Attorney, Southern District of New York, New York City (Jonathan Willens, of counsel), for U.S.

Crowell & Moring, Washington, DC (Peter J. Romatowski, Stephen M. Byers, Sarah B. Dorsey, of counsel), Richards Spears Kibbe & Orbe, New York City (Linda Imes, of counsel), for defendants.

## MEMORANDUM AND ORDER

STANTON, District Judge.

Relator Jeffrey Thistlethwaite sues Dowty Woodville Polymer Limited and its employees Richard Walker and Michael Thompson ("Defendants") under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, to recover damages he alleges were sustained by the United States in connection with Dowty Woodville's sale to the United States Air Force of wing slot seals for certain aircraft. The Government ("Plaintiff") intervened in the action on February 14, 1995, and filed an Amended Complaint.

Defendants move for an order dismissing the Amended Complaint on the grounds that this court lacks subject-matter and personal jurisdiction and that this district is an inconvenient forum.

## DISCUSSION

All of the defendants are residents of England. None of them resides, or transacts business, or can be found in the Southern District of New York. No act proscribed by the False Claims Act took place here. There are no significant contacts with this district, although there appear to be such contacts with the United States as a whole, and particularly California and Oklahoma.

The relator, a resident of England, candidly states that he chose to bring this action here because New York is the city in the United States most readily accessible to him, and is where his United States lawyer practices. (Thistlethwaite Decl. ¶¶ 11, 13.)

Defendants argue that the False Claims Act confines jurisdiction to those district courts that have specific relationships to the defendants or the claims. Section 3732(a) of the False Claims Act states:

"§ 3732. False claims jurisdiction

(a) **Actions under 3730.**—Any action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred. A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States."

31 U.S.C. § 3732(a).

Plaintiff argues that section 3732 is a limitation on venue, and is trumped by the Alien Venue Act, 28 U.S.C. § 1391(d), which provides that "An alien may be sued in any district." *See Brunette Machine Works, Ltd. v. Kockum Industries*, 406 U.S. 706, 714, 92 S.Ct. 1936, 1941, 32 L.Ed.2d 428 (1972) ("[S]uits against aliens are wholly outside the operation of all the federal venue laws, general and special"). Therefore, urges plaintiff, venue here is authorized and this court is an "appropriate" one to issue a summons and obtain personal jurisdiction.

However, section 3732 limits jurisdiction as well as venue. Indeed, it is the only grant of jurisdiction in the False Claims Act.

The legislative history of the 1986 amendments to the False Claims Act confirms that the provision in section 3732(a) limiting districts where actions may be brought to those where "any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred" was intended to limit jurisdiction as well as venue.

In 1986, the House of Representatives and the Senate each passed separate bills amending various provisions of the False Claims Act, including its jurisdictional provision. H.R. 4827, which passed the House on September 6, 1986, contained the jurisdictional provision which was ultimately passed by both bodies and signed into law, and is now codified in section 3732. The House Report on H.R. 4827 stated that the provision which is now section 3732 limits jurisdiction:

This section provides that jurisdiction for an action brought pursuant to this Act will be brought in the judicial district where any defendant can be found, resides, transacts business, or in which any act alleged as a violation is alleged to have occurred.

H.Rep. No. 660, 99th Cong., 2d Sess. 33 (1986).

The Senate also intended to limit jurisdiction. The Senate Report, explaining its proposed version, described it as "basically a form of long-arm statute with many familiar counterparts in State law." S.Rep. No. 345, 99th Cong., 2d Sess. 32 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5297.[1]

Section 3732 is therefore not only a venue statute, but also a geographically-limited grant of subject-matter jurisdiction.

Because no defendant in this case can be found or resides or transacts business or violated the False Claims Act in this district, this court lacks jurisdiction.

## CONCLUSION

Defendants' motion to dismiss is granted. The Clerk is directed to enter judgment dismissing the Amended Complaint, without prejudice, for lack of jurisdiction. No costs.

So ordered.

---

**1.** Because the Senate's proposed version of section 3732 was rejected in favor of the House version, it is instructive to consider the Senate's proposed version to see what both houses of Congress rejected. The Senate version would have provided that

"The district courts of the United States ... shall have jurisdiction over any action commenced by the United States under this section, or under section 3729, 3730, 3731, 3733, or 3734."

S. 1562, 99th Cong., 2d Sess. § 4 (1986). Under that version, all United States district courts would have had jurisdiction (even if not venue) over all False Claims Act cases.

However, both houses of Congress clearly rejected that proposition when they adopted and passed the House version of section 3732, which limits jurisdiction to courts where any one defendant can be found or resides or transacts business or where any violation of the False Claims Act occurred.