**UNITED STATES of America, ex rel. Lillian MCCARTHY and Katherine Manuel; Lillian McCarthy, individually, and Katherine Manuel, individually, Relators/Plaintiffs,**

v.

**STRAUB CLINIC AND HOSPITAL, INC.; PhyCor Hawaii, Inc. and Phycor, Inc., Defendants.**

No. Civ. 99–00604DAEKSCC.

United States District Court,
D. Hawai'i.

April 13, 2001.

Warren Price, III, Price Okamoto Himeno & Lum, Honolulu, HI, Thomas R. Grande, Davis Levin Livingston Grande, Honolulu, HI, for plaintiffs.

Mark E. Recktenwald, Office of the United States Attorney, Honolulu, HI, for United States of America, intervenor.

Robert S. Katz, Torkildson Katz Fonseca Jaffe & Moore, Honolulu, HI, for Straub Clinic and Hospital, Inc., Phycor Hawaii, Inc., defendants.

Deborah K. Wright, Wright & Kirschbraun, Wailuku, Maui, Hi, for Phycor, Inc., defendant.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

DAVID ALAN EZRA, Chief Judge.

The court heard Defendants' Motions on April 10, 2001. Thomas R. Grande, Esq., Mark Davis, Esq., Sharon Himeno, Esq., and Robert M. Kohn, Esq., appeared at the hearing on behalf of Plaintiffs; Robert S. Katz, Esq., and Harry R. Silver, Esq., appeared at the hearing on behalf of Defendants Straub Clinic and Hospital, Inc., and PhyCor Hawaii, Inc., and Keith D. Kirschbraun, Esq., appeared at the hearing on behalf of Defendant PhyCor, Inc. After reviewing the Motion and the Supporting and Opposing Memoranda, the

court DENIES Defendants' Motions to Dismiss.

## BACKGROUND

Relators/Plaintiffs Lillian McCarthy and Katherine Manuel (collectively "Plaintiffs") brought this *qui tam* action under the False Claims Act, which is codified at 31 U.S.C. § 3729 et seq. Plaintiffs filed the original Complaint in this case on August 31, 1999, and filed a First Amended Complaint on September 16, 1999.[1] Pursuant to a Stipulation and Order filed February 9, 2001, Plaintiffs filed a Second Amended Complaint ("the Complaint") on February 21, 2001. The facts giving rise to the Complaint are summarized below.[2]

Defendant Straub Clinic and Hospital, Inc. ("Straub") is a medical service provider in the State of Hawaii. Straub therefore falls under the federal Medicare program. Straub employed Plaintiff McCarthy as its Manager of Cash Posting beginning in October of 1992.

As early as 1994, Plaintiff McCarthy made complaints to the Government regarding false claims submission by Straub. The Government thus investigated Straub's billing under Medicare and other related programs.

After its investigation, the Government entered into a Settlement Agreement with Straub, Defendant PhyCor, Inc. ("PhyCor"), and Defendant PhyCor Hawaii[3] in order to resolve allegations of the filing of false claims. The Settlement Agreement resulted in Straub's payment of $2.4 million in fees to the Government. Straub did not admit to any wrongdoing, but agreed to execute a Corporate Integrity Agreement ("CIA") which was to govern Straub's billing practices and ensure that it would properly submit claims to the Government.

Allegedly, Plaintiffs McCarthy and Manuel, who was McCarthy's supervisor at the time, discovered that Straub continued to submit false claims, despite the fact that the CIA was in place and supposedly governing billing practices. They reported the alleged false claims, and then filed the Complaint in this case.

In response to the Complaint, Defendants Straub and PhyCor Hawaii filed this Motion to Dismiss on December 15, 2000.[4] Defendant PhyCor filed its Motion to Dismiss on March 13, 2001. Each argues, inter alia, that this court lacks jurisdiction to hear this case and that Plaintiffs have failed to plead fraud with sufficient specificity. PhyCor also argues that this court lacks personal jurisdiction over it. Plaintiffs filed their Memoranda in Opposition to these Motions on March 22, 2001, and Defendants filed their Reply Memoranda on March 29, and March 30, 2001.

---

1. The United States declined to intervene on September 20, 2000.

2. The causes of action enumerated in the Complaint are as follows: Violation of False Claims Act 31 U.S.C. § 3729 (Count I); Discrimination Against an Employee for Investigating Violation of 31 U.S.C. § 3730(h), Ms. McCarthy (individually), and Ms. McCarthy and Ms. Manuel (together) (Counts II and III, respectively); Discrimination Against an Employee in Violation of the Hawaii Whistle Blowers Protection Act (Count IV); Breach of Contract (Count V); Termination in Violation of Public Policy (Count VI); Negligence (Count VII); Punitive Damages (Count VIII).

3. Straub merged with and into PhyCor on January 17, 1997. PhyCor Hawaii is a wholly-owned subsidiary of PhyCor, providing services to Straub.

4. After Defendants filed this Motion, Plaintiffs filed their Second Amended Complaint. Thus, the portions of Defendants' Motion that refer to the Amended Complaint are obsolete. Defendants, however, in their Reply Memorandum, argue to the court that the Second Amended Complaint suffers from the same deficiencies as the previous Complaint; therefore, the court will apply Defendants' arguments to the latest edition of the Complaint.

## STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction.

 In determining the sufficiency of an alleged jurisdictional basis, the plaintiff bears the burden of proof that subject matter jurisdiction does in fact exist. *Thornhill Pub. Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.1979). Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). In a motion to dismiss based upon lack of subject matter jurisdiction, the court may receive, among other forms of competent evidence, affidavits to resolve factual disputes without converting the motion to dismiss into one for summary judgment. *Sudano v. Federal Airports Corp.*, 699 F.Supp. 824, 825–26 (D.Haw.1988).

### B. Motion to Dismiss for Lack of In Personam Jurisdiction.

 Likewise, the plaintiff bears the burden of proof that in personam jurisdiction exists. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990). In the absence of an evidentiary hearing, however, the plaintiff's written submissions need only make a prima facie showing of jurisdictional facts. *Sher*, 911 F.2d at 1361 (citing *Data Disc, Inc. v. Systems Tech. Assoc.*, 557 F.2d 1280, 1285 (9th Cir.1977)). Moreover, the plaintiff's allegations are treated as true in determining whether a prima facie showing of personal jurisdiction has been made. *Sher*, 911 F.2d at 1361; *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 n. 1 (9th Cir.1995).

### C. Motion to Dismiss for Failure to Plead Fraud with Particularity.

 Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud." *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1547–48 (9th Cir.1994) (en banc). The plaintiff must, in her pleading, include the time, place, and nature of the alleged fraud, and "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id.* Therefore, a plaintiff must plead more than neutral facts to identify the transaction. *Id.* The plaintiff must also set forth what is false or misleading about a statement, and why it is false. *Id.*

## DISCUSSION

Because Defendants filed separate Motions to Dismiss, and because the Motions are somewhat divergent, the court will address each one separately.

### A. Straub and PhyCor Hawaii's Motion to Dismiss.

Straub and PhyCor Hawaii (hereinafter referred to collectively as "Straub") forward three arguments in support of their Motion to Dismiss: that Plaintiffs are actually complaining of violations of the CIA and the False Claims Act does not provide jurisdiction for such claims; that Plaintiffs have failed to plead fraud with sufficient particularity; and that the court lacks subject matter jurisdiction. The court will address each argument below.

#### 1. Jurisdiction Under the False Claims Act.

Straub first argues that the False Claims Act does not provide jurisdiction

over Plaintiffs' claims. In support of its argument, Straub asserts that Plaintiffs "appear to be alleging that Straub is violating the CIA." *See* Defendant Straub Clinic and Hospital, Inc. and PhyCor Hawaii, Inc.'s Motion to Dismiss, at 5. To this end, Straub argues, the CIA is a contractual agreement which includes an enforcement mechanism. Straub further posits that Plaintiffs have no standing to challenge non-compliance with the CIA, and the False Claims Act does not provide the court with jurisdiction over the CIA. Plaintiffs, of course, disagree.

Plaintiffs point out in their Opposition that although the Complaint does address alleged violations of the CIA, those references are made in addition to the allegations that Straub violated the False Claims Act. After a close review of the Complaint, the court agrees.

█ The Complaint itself directly alleges that Defendants submitted false claims and violated the False Claims Act. In fact, Count I is entitled "Violation of False Claims Act 31 U.S.C. § 3729." *See* Second Amended Complaint, at 43. The Complaint also alleges that Defendants have violated the terms of the CIA.[5] Whereas a violation of the CIA may or may not provide a cause of action for these Plaintiffs, allegations of such violations do not divest the court of jurisdiction under the False Claims Act. The CIA did not, in any way, grant Defendants immunity from prosecution under the False Claims Act.

█ Moreover, under Ninth Circuit law, "[a]ny non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." *Cement Masons Health and Welfare Trust Fund for Northern California v. Stone*, 197 F.3d 1003, 1008 (9th Cir.1999). *See also Tim-*

*berlane Lumber Co. v. Bank of America*, 549 F.2d 597, 602 (9th Cir.1976) (superseded by statute on other grounds) (stating that where federal statute provides basis for subject matter jurisdiction and plaintiffs' substantive claims, "a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous"). Here, the Complaint does not appear frivolous on its face. Therefore, the court has subject matter jurisdiction. The court DENIES the Motion on this ground.

### 2. Pleading Fraud with Particularity.

Straub's next argument is that Plaintiffs' Complaint fails to allege fraud with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). Plaintiffs assert that they have in fact pleaded their Complaint with sufficient specificity to state a claim under the False Claims Act.

█ It is true that "[c]omplaints brought under the [False Claims Act] must fulfill the requirements of Rule 9(b)." *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir.2001). *See Bly–Magee v. State of California*, 236 F.3d 1014, 1018 (9th Cir.2001) This is because the False Claims Act is an anti-fraud statute. *Bly–Magee*, 236 F.3d at 1018. To this end, claims under the False Claims Act must be specific enough so that each defendant knows of the particular misconduct alleged to constitute fraud, thus enabling him to mount a defense. *Id.* Also, the Ninth Circuit has determined that the whistleblowers involved in *qui tam* actions are supposedly privy to the alleged fraud; therefore, the whistleblower should have adequate knowl-

---

**5.** The court notes, however, that the allegations that Defendants have violated the CIA do not make up an enumerated count and thus is not a cause of action in the Complaint.

edge to plead matters with sufficient particularity. *Id.* at 1019.

■■■ Most recently, the Ninth Circuit affirmed a district court's determination that a plaintiff had failed to meet the requirements of Rule 9(b) in a False Claims Act case in *United States ex rel Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048 (9th Cir.2001). In *Lee,* the court noted that the plaintiff had failed to specify the type of laboratory test alleged to have been fraudulent, failed to identify the employees who performed the tests, and failed to provide dates, times, or locations of the tests. *Id.* at 1051. The court indicated that although the plaintiff was not required "to allege, in detail, all facts supporting each and every instance" of fraud over multiple years, he was required to give the defendants notice of their particular misconduct so that they are able to defend against the specific charge. *Id.* The court also recognized that application of Rule 9(b) may be lenient when the information supporting claims of fraud is in the hands of a corporate defendant. *Id.*

Here, Plaintiffs' Complaint does not warrant dismissal. The Complaint gives detail about much of the fraud alleged. The Complaint names employees of Straub who allegedly committed or aided in the fraud. *See, e.g.* Second Amended Complaint at 6, paragraph 8. The Complaint alleges how the allegedly false claims were submitted. *See, e.g.* Second Amended Complaint at 7, paragraph 10. The Complaint alleges when the allegedly false claims were submitted; that is, on a daily basis. *See e.g.* Second Amended Complaint at 7, paragraph 11.

The Complaint also outlines examples of false claims. *See* Second Amended Complaint at 8, paragraph 16. *See also* Second Amended Complaint at 15, paragraph 55, 57, 61. Although the Complaint does not match these specific examples with specific dates or people, the Complaint

spells out with sufficient clarity for what actions Defendants are expected to answer. The Complaint also contains a section called "Defendants' Scheme to Defraud the United States." *See* Second Amended Complaint at 16. This section again gives details, including names of participants, specific examples of double billings, estimations as to the number of times the alleged fraud was perpetrated, examples of non-compliance with Medicare regulations, etc. While it is true that the Complaint discusses mostly common practices rather than specific dates and times of the submission of false claims, the court does not find that this is dispositive of the issue in this particular context.

Plaintiffs argue that the documentation which demonstrates the exact dates of all submissions of the alleged false claims to the Government is in possession of Defendants. The court does not expect two former employees, whose employment was terminated almost two years ago, to remember each date. The Ninth Circuit agrees. *See United States ex rel. Lee,* 245 F.3d at 1051 (holding that Plaintiff failed to plead fraud with sufficient particularity but stating that party may be entitled to lenient application of Rule 9(b) where information is in possession of corporate defendant). Plaintiffs have, however, provided Defendants with sufficient specificity to show that they were "insiders," privy to the alleged fraud, and to alert Defendants against what they must defend themselves. Plaintiffs have also provided enough detail to have fairly alleged fraud with specificity and indicate to the court that they are missing only those details which Straub could reasonably hold. *See Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997) (finding that it was "not fatal to the complaint that it [did] not describe in detail a single specific transaction" because plaintiff had adequately identified other general aspects of alleged fraud, including type of

conduct and general time frame). As such, the court DENIES the Motion to Dismiss on this ground.

### 3. Subject Matter Jurisdiction over Retaliation Claim.

 Straub next argues that the court lacks subject matter jurisdiction over Plaintiffs' Retaliation claims [6] because Plaintiffs have failed to establish actionable retaliation under the False Claims Act. The False Claims Act provides, in pertinent part, that

> [a]ny employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.... An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection.

31 U.S.C. § 3730(h) (West 2000). This section was enacted "to provide for 'whistleblower' protection." *See United States ex rel. Yesudian v. Howard University,* 153 F.3d 731, 736 (D.C.Cir.1998). It was put in place to assure a person who may wish to expose fraud that he or she is protected from retaliation. *Id.*

 In order to establish a claim for retaliation under this "whistleblower" pro-

tection section, Plaintiffs must prove three elements: (1) that the employee was engaging in conduct protected under the False Claims Act; (2) that the employer knew the employee was so engaging; and (3) that the employer discriminated against the employee based on the protected conduct. *United States ex rel. Hopper v. Anton,* 91 F.3d 1261, 1269 (9th Cir.1996). *See also McKenzie v. BellSouth Telecommunications, Inc.,* 219 F.3d 508, 514 (6th Cir.2000) (stating same); *Eberhardt v. Integrated Design & Construction, Inc.,* 167 F.3d 861, 866 (4th Cir.1999) (same); *Yesudian,* 153 F.3d at 736 (stating similar test). This section, therefore, only protects those who act "in furtherance of an action" under the False Claims Act. *Hopper,* 91 F.3d at 1269.

According to the Ninth Circuit, however, "[s]pecific awareness of the [False Claims Act] is not required" on the part of the plaintiff. *Id.* But the plaintiff must be "investigating matter which are calculated, or reasonably could lead to, a viable [False Claims Act] action." *Id.* The employer, on the other hand, must have knowledge that the employee was engaging in some sort of protected activity. *Id.*

 Here, Plaintiffs have pled in their Complaint all three elements required to establish a claim. The court therefore has subject matter jurisdiction over this claim. Defendants have not shown the court otherwise; therefore, based on the pleadings, the court finds it can properly adjudicate this case.

Additionally (if the court were to treat this Motion as one for dismissal for failure to state a claim), taking all allegations in

---

**6.** ˙ The court notes that this challenge may have been more appropriately brought as a Motion to Dismiss for Failure to State a Claim. It is undisputed that this court has subject matter jurisdiction over a claim brought pursuant to a federal statute, such as the False Claims Act. *See* 28 U.S.C. § 1331.

Straub should not be arguing that the court lacks jurisdiction over a claim brought under the False Claims Act, but rather that Plaintiffs have not set forth in their pleadings sufficient facts to state a claim upon which relief can be granted under the False Claims Act.

the Complaint as true and construed in the light most favorable to Plaintiffs, *see Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1507 (9th Cir. 1990), they have stated a claim for retaliation under the False Claims Act upon which relief could be granted. To this end, Plaintiffs' Complaint states all three elements: that they investigated the alleged fraud, that individuals at Straub knew of such investigation, and that Plaintiffs were harassed, terminated or constructively discharged in response thereto. *See* Second Amended Complaint at 41, paragraphs 146–49, 153.

 Straub argues that "[i]t is difficult to believe that [D]efendants waited five years before retaliating if they were aware that Ms. McCarthy was contemplating a *qui tam* action and if they were, in fact, retaliating." *See* Defendants Straub and PhyCor Hawaii's Motion to Dismiss at 10. This Motion, however, is not one in which the court is to "believe" or disbelieve anything. It is framed as a Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the alternative by the court's own styling, for Failure to State a Claim. In

the latter motion, the court must take all of Plaintiffs' allegations as true.

Although in a motion to dismiss for lack of subject matter jurisdiction "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," *Augustine*, 704 F.2d at 1077, Defendants have given the court no reason to believe that the claims brought by Plaintiffs were frivolous, and "[a]ny non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." *Cement Masons Health and Welfare Trust Fund*, 197 F.3d at 1008. Therefore, the Motion is DENIED on this ground.

## B. PhyCor, Inc.'s Motion to Dismiss

PhyCor raises six arguments in support of its Motion to Dismiss. To the extent that any of the six arguments are the same as the three addressed above in relation to the Straub Motion, the court will not repeat its reasoning, and hereby incorporates by reference those discussions here.[7]

---

7. The court has already addressed the following of PhyCor's arguments: first, that Plaintiffs' allegations do not state a claim for a violation of the False Claims Act; second, that the Complaint fails to allege fraud with particularity. As to alleging fraud with particularity towards PhyCor specifically, the court finds that Plaintiffs have done so by identifying in their Complaint PhyCor's officers who were involved in the alleged fraud. *See, e.g.* Second Amended Complaint at 6, paragraph 8.

In addition, the court will not separately address PhyCor's argument that Plaintiffs' allegations are merely allegations of mismanagement rather than allegations of a violation of the False Claims Act. The court has determined that Plaintiffs have stated a claim under the False Claims Act and therefore this argument lacks merit.

Finally, the court has determined that Plaintiffs have properly stated a claim for

retaliation under the False Claims Act; therefore, the court will only address this argument briefly here with respect to PhyCor individually.

Plaintiffs have alleged that PhyCor owned/controlled Straub and PhyCor, Hawaii (*see* Second Amended Complaint at 9, paragraph 17); therefore, PhyCor could potentially be liable for Straub's retaliation. Several circuits have held that vicarious liability applies to a principal corporation under the Act either when an agent of the corporation acts with apparent authority, or when an employee acts within the scope of his employment for the benefit of the corporation. *See, e.g. United States v. O'Connell*, 890 F.2d 563, 569 (1st Cir.1989) (holding that corporation will be liable under False Claims Act if agent acts with apparent authority even if corporation received no benefit from agent's fraud); *Grand Union Co. v. United States*, 696 F.2d 888, 891 (11th Cir.1983) (finding that knowl-

Therefore, the court will address only the remaining arguments which are unique to PhyCor: (1) that the court lacks in person-am jurisdiction over PhyCor; and (2) that Plaintiffs' state law claims against PhyCor should be dismissed. The court will address each argument, in turn, below.

### 1. In Personam Jurisdiction over PhyCor.

PhyCor first argues that the court does not have personal jurisdiction over it. PhyCor's principal place of business and headquarters are located in Tennessee; thus, it must have sufficient contacts to the forum states in order for the court to properly exercise personal jurisdiction. PhyCor argues that it lacks those sufficient contacts. The court does not agree.

▇▇ The False Claims Act provides, in pertinent part, that

[a]ny action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred.

31 U.S.C. § 3732(a) (West 2000). This section has been likened to a "form of long-arm statute [which has] many familiar counterparts in State law." *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.,* 110 F.3d 861, 863 (2d Cir. 1997) (quoting H.Rep. No. 660, 99th Cong.,

2d Sess. 33 (1986)) (other internal citations and quotations omitted). It addresses venue.[8] *Id.* at 865. As such, it does not provide exclusively for in personam jurisdiction; the Plaintiffs must also show that the court may exercise personal jurisdiction over Defendants without violating the due process provisions of the Constitution.

▇▇ Under the constitutional tests for due process, the court also can properly exercise in personam jurisdiction over PhyCor. It is well settled that "[d]ue process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state." *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990). Here, Plaintiffs have shown that sufficient contacts between PhyCor and the forum state exist so as to not offend the "traditional notions of fair play and substantial justice," as required by the Fourteenth Amendment. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

▇▇ A defendant's contacts with a state must be such that it "should reasonably anticipate being haled into court there." *Sher,* 911 F.2d at 1361. This could arise in one of two ways. First, if the defendant's contacts with the state are "substantial," or "continuous and systematic," the court may exercise general jurisdiction over it, regardless of whether the

---

edge of employees can be imputed to employer for purposes of liability under the False Claims Act); *United States v. Hangar One, Inc.,* 563 F.2d 1155, 1158 (5th Cir.1977) (stating that False Claims Act liability will attach to corporation if employee acts within scope of authority and for benefit of corporation; citing *United States v. Ridglea State Bank,* 357 F.2d 495 (5th Cir.1966)); *United States ex rel O'Keefe v. McDonnell Douglas Corp.,* 961 F.Supp. 1288, 1292 (E.D.Mo.1997) (stating that liability under the False Claims Act may be imposed on employers under respondeat superior); *United States v. Incorporated Vil-*

*lage of Island Park,* 888 F.Supp. 419, 438 (E.D.N.Y.1995) (determining that respondeat superior applies to False Claims Act violations committed by employee who acts within scope of authority and, in part, for benefit of employer; determining also that corporation is liable if employee acts with apparent authority, even if does not benefit corporation at all). Thus, PhyCor's Motion is DENIED on these grounds.

8. One of PhyCor's co-defendants, Straub, can be found in and transacts business within the State of Hawaii.

contacts is related to the cause of action. *Id.* Second, if (1) the defendant takes some action to purposely "avail himself ... of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws," (2) the cause of action arises out of the defendant's contacts with the state, and (3) it would be reasonable to do so, the court may exercise specific jurisdiction over the defendant. *Id. See also Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir.1988).

Although the burden of proof is on Plaintiffs to show that the court has personal jurisdiction over PhyCor, they need only make a prima facie showing of jurisdictional facts if no evidentiary hearing is had. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995); *Sher*, 911 F.2d at 1361. As such, Plaintiffs need only show facts that, if true, would support jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995). Plaintiffs here argue that the court has specific jurisdiction over PhyCor because it has purposefully availed itself in the State of Hawaii. The court agrees.

In analyzing purposeful availment, the Ninth Circuit has allowed a court to exercise jurisdiction over a "defendant whose only contact with the forum is the purposeful direction of a foreign act having effect in the forum state." *Sinatra*, 854 F.2d at 1195. Plaintiffs allege in their Complaint that PhyCor is a physician-practice management company, which provides healthcare services to people in 30 states (including Hawaii). *See* Second Amended Complaint at 9, paragraphs 17–18. Plaintiffs also allege that PhyCor acquired Straub, which it managed and controlled through PhyCor Hawaii. *See* Second Amended Complaint at 10, paragraphs 20–21. *See also* Second Amended Complaint at 9, paragraph 17 (alleging that PhyCor is partner and/or joint venturer and/or owner/operator with Straub). In addition, Plaintiffs allege that Defendants conduct business in Hawaii, *see* Second Amended Complaint at 15, paragraph 48, and that Defendants' submissions of false claims occurred in Hawaii. *See* Second Amended Complaint at 15, paragraph 49. The court accepts these allegations as true for purposes of a jurisdictional determination. *Ziegler*, 64 F.3d at 474.

Accepting these allegations as true, Plaintiffs have made a prima facie showing of jurisdiction. PhyCor could reasonably be expected to be haled into court in a state in which it controls a health care facility and it conducts business. A parent corporation with control over a local facility certainly has purposefully availed itself into the jurisdiction, and invokes the benefits and protections of the state's laws. Even if PhyCor's management is construed as merely "purposeful direction of a foreign act having effect in the forum state," it is sufficient to satisfy due process. *Sinatra*, 854 F.2d at 1195.

 Moreover, Plaintiffs' cause of action against PhyCor arose out of its connection with the forum state; i.e. its management of and control over Straub and its facilities, its conducting of business, and its alleged submissions of false claims within Hawaii. Therefore, the court finds that sufficient minimum contacts exist to give rise to specific in personam jurisdiction. *See also Sher*, 911 F.2d at 1364 (stating that once defendant is found to have purposefully directed its conduct at forum state, "personal jurisdiction is presumptively reasonable"). The Motion is DENIED on this ground.

### 2. Plaintiffs' State Claims Against PhyCor.

Because the court found that subject matter jurisdiction does exist as to Plaintiffs' claims against PhyCor, it follows that

the court can exercise supplemental jurisdiction over Plaintiffs' remaining state claims against PhyCor as well. *See* 28 U.S.C. § 1367. Thus, PhyCor's Motion is DENIED on this ground.

### CONCLUSION

For the reasons stated above, the court DENIES Defendants' Motions to Dismiss.

IT IS SO ORDERED.