38 F.3d 621
 Paul R. SUTTON; Doris H. Sutton; Elwin Henderson; Robert
Henderson; and Bernard S. Fullagar, Plaintiffs-Appellants,
v.
U.S. DEPARTMENT OF TRANSPORTATION; Federal Aviation
Administration; Philip Brito, as Manager of the New York
Airports District Office of the FAA; Louis P. Derose,
Manager of the Airports Division of the FAA Eastern Region;
the County of Yates, New York; the Yates County
Legislature; and the Chairman of the Yates County
Legislature, Defendants-Appellees.
 No. 1930, Docket 94-6085.
 United States Court of Appeals,
Second Circuit.
 Argued May 6, 1994.
Decided May 6, 1994.
Filed Oct. 24, 1994.
 
 Anthony J. Adams, Jr., Davidson, Fink, Cook & Gates, Rochester, NY, for plaintiffs-appellants.
 Richard A. Palumbo, Boylan, Brown, Code, Fowler & Wilson, Rochester, NY, for defendant-appellee Yates County.
 Anne Van Graafeiland, Asst. U.S. Atty., W.D.N.Y., Rochester, NY (Patrick H. NeMoyer, U.S. Atty., W.D.N.Y., on the brief), for federal defendants-appellees.
 Before: ALTIMARI, WALKER, and McLAUGHLIN, Circuit Judges.
 ALTIMARI, Circuit Judge:
 
 
 1
 Plaintiffs-appellants Paul R. Sutton, Doris H. Sutton, Elwin Henderson, Robert Henderson, and Bernard S. Fullager (the "Plaintiffs") appeal from a judgment of the United States District Court for the Western District of New York (Telesca, C.J.) granting defendants-appellees' motions to dismiss the Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to 49 U.S.C.App. Sec. 1486(a). The complaint sought declaratory and injunctive relief from a decision of defendant-appellee Federal Aviation Administration ("FAA") to approve and fund the Penn Yan Airport Expansion Project, made pursuant to the Administrative Procedure Act, 5 U.S.C. Sec. 701, et seq., the National Environmental Policy Act ("NEPA"), 42 U.S.C. Sec. 4321, et seq., the Airport and Airway Improvement Act ("AAIA"), 49 U.S.C.App. Sec. 2201, et seq., and the Intergovernmental Cooperation Act, 31 U.S.C. Sec. 6506. The district court held that because the Plaintiffs were seeking review of an FAA determination that was made in part pursuant to Chapter 20 of the Federal Aviation Act (the "Act"), 49 U.S.C.App. Sec. 1301, et seq., the courts of appeals had exclusive jurisdiction to review the agency action. See 49 U.S.C.App. Sec. 1486(a).
 
 
 2
 On appeal, the Plaintiffs contend that the district court erred in holding that it was without jurisdiction to hear the merits of the claims alleged in their complaint. For the reasons set forth below, we affirm the judgment of the district court.
 
 BACKGROUND
 
 3
 This appeal centers on the Penn Yan Airport Expansion Project, which involves the construction of a 4,500 foot paved runway at the Penn Yan Airport. More than a decade ago, defendant-appellee Yates County (the "County") proposed to acquire an existing, privately owned airport for the purpose of operating a County general aviation airport. The County's proposal contemplated improvements to the airport, including the construction of a new runway. FAA regulations required the County to submit for approval, among other things, a proposed airport layout plan and an environmental assessment.
 
 
 4
 An airport layout plan depicts existing and proposed development projects and actions at an airport. The approval of an airport layout plan by the FAA is an agency determination, made pursuant to Chapter 20 of the Act as well as the AAIA, that the proposed development meets federal aviation design and safety standards. An environmental assessment examines the potential environmental impact of the contemplated airport layout plan on the human environment, as required by the NEPA, and provides an evaluation of possible alternative airport sites, runway alignments, and layouts.
 
 
 5
 Several preliminary plans were prepared by the County and submitted to the FAA for review during the early 1980s. The project, however, was held in abeyance until 1989. In that year, the County re-examined the previously proposed project and prepared an airport layout plan as well as a draft environmental assessment. The draft environmental assessment was circulated for review and comment to several federal, state and local agencies including the FAA, to all interested parties, and other members of the public. In August 1990, a final environmental assessment was prepared by the County and circulated.
 
 
 6
 On August 31, 1990, defendant-appellee Philip Brito, manager of the FAA New York Airport District Office, determined that the airport layout plan met all applicable FAA standards, and approved the airport layout plan for the Penn Yan Airport Expansion Project pursuant to Chapter 20 of the Act. The FAA's approval, however, imposed a condition that the proposed runway construction could not be undertaken without the written environmental approval of the FAA.
 
 
 7
 On May 3, 1991, the FAA determined that the proposed airport layout plan, including the runway construction, would not significantly affect the quality of the human environment and issued a finding of no significant impact on the environment. The FAA's finding of no significant impact documents essentially reiterated the contents of the County's environmental assessment. The FAA did not compile an independent environmental assessment of the airport expansion proposal. Thereafter, on May 8, 1991, the FAA issued its final approval of the airport layout plan, finding that the issuance of a finding of no significant impact fulfilled the condition imposed on August 31, 1990. This approval triggered the next step in the administrative process--the application by the County for federal funding. On September 5, 1991, the County submitted its project application to the FAA for federal grant assistance under the AAIA. On September 25, 1991, the FAA incorporated the project application into the grant agreement and awarded federal funding for 90% of the airport acquisition and airport layout plan expansion costs.
 
 
 8
 In January 1992, the Plaintiffs, five Yates County landowners, commenced an Article 78 proceeding in New York State Supreme Court against defendants-appellees Yates County, the Yates County Legislature, the Yates County Planning Board, various county officials, the U.S. Department of Transportation, and the FAA (the "Defendants"), claiming principally that the manner in which the FAA adopted the environmental assessment, issued its finding of no significant impact based upon that environmental assessment, and approved funding violated the NEPA, the AAIA, and New York environmental law. The federal defendants were dismissed from the state court action by stipulation. Thereafter, the New York State Supreme Court issued a temporary restraining order enjoining the County from proceeding with the expansion project, and then issued a permanent injunction against the County halting the expansion project until an environmental assessment was completed that complied with state law.
 
 
 9
 Pursuant to the injunction, the County performed a revised environmental assessment. On February 10, 1994, the New York State Supreme Court vacated the permanent injunction, finding that the County's revised environmental assessment complied with state law. On February 14, 1994, the Yates County Legislature passed a resolution to proceed with the expansion project and solicited bids for construction contracts.
 
 
 10
 On March 11, 1994, the Plaintiffs commenced the instant action in the United States District Court for the Western District of New York. While the complaint alleged violations of NEPA and AAIA, the gravamen of the action was the Plaintiffs' claim that the FAA improperly approved funding for the Penn Yan Airport Expansion Project upon a finding of no significant impact without first performing pertinent environmental analyses and preparing an environmental impact statement. By Order to Show Cause, the Plaintiffs sought a preliminary injunction enjoining the Defendants from proceeding with the airport project. The Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), claiming that review of the disputed FAA decision is vested exclusively with the courts of appeals. On March 23, 1994, the district court dismissed the action for lack of subject matter jurisdiction. The Plaintiffs then moved for reargument, or in the alternative, for an Order staying the County from proceeding with the project pending appeal. The district court denied the motion, and the Plaintiffs moved to appeal.
 
 
 11
 The Plaintiffs made a motion to this Court for a preliminary injunction pending appeal and an expedited appeal. On March 30, 1994, this Court denied the motion as to the injunction, but granted the motion as to the expedited appeal. On May 6, 1994, we heard oral argument on this expedited appeal. In view of the urgency of this appeal, we issued a decision from the bench that affirmed the district court's judgment and stated that this opinion would follow.
 
 DISCUSSION
 
 12
 On appeal, the Plaintiffs challenge the district court's dismissal of the action for lack of subject matter jurisdiction pursuant to 49 U.S.C.App. Sec. 1486(a). The district court held that because the Plaintiffs were seeking review of an FAA determination that was made, at least in part, pursuant to Chapter 20 of the Act, the courts of appeals had exclusive jurisdiction to review the agency action. We review de novo the district court's decision to dismiss for lack of jurisdiction. See Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572, 580 (2d Cir.1993).
 
 
 13
 The courts of appeals are vested with exclusive jurisdiction to review decisions rendered by the FAA pursuant to Chapter 20 of the Federal Aviation Act. See 49 U.S.C.App. Sec. 1486. Specifically, 49 U.S.C.App. Sec. 1486(a) states in relevant part:
 
 
 14
 Any order, affirmative or negative, issued by the Board or Secretary of Transportation under [Chapter 20] ... shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore.
 
 
 15
 The powers conferred upon the FAA pursuant to Chapter 20 of the Act include determinations regarding the regulation of air carriers and air space, the promulgation of safety regulations and procedures for aircraft accident investigations, and approval of proposed airport layout plans. See 49 U.S.C.App. Sec. 1301, et seq.; see, e.g., National Parks & Conservation Ass'n v. FAA, 998 F.2d 1523, 1527-28 (10th Cir.1993); Suburban O'Hare Comm'n v. Dole, 787 F.2d 186, 192-93 (7th Cir.), cert. denied, 479 U.S. 847, 107 S.Ct. 169, 93 L.Ed.2d 106 (1986).
 
 
 16
 The Plaintiffs advance two arguments in support of their contention that the FAA's decision to approve and fund the airport expansion project without the independent preparation of environmental impact statements is not subject to the jurisdictional limitations set forth in 49 U.S.C.App. Sec. 1486. First, the Plaintiffs contend that because the FAA's determination made pursuant to Chapter 20 of the Act to approve the airport layout plan preceded the FAA's award of a grant under the AAIA and the NEPA, the FAA's decision process can be bifurcated and challenged in separate forums. Second, the Plaintiffs assert that jurisdiction is proper in the district court because the claims alleged in their complaint are nominally directed at the FAA's award of federal funding, a decision rendered under the AAIA and the NEPA, not under Chapter 20 of the Act. We discuss each argument in turn.(1) Bifurcation of FAA's Decision
 
 
 17
 Plaintiffs contend on appeal that the FAA's decision to proceed with the development of the Penn Yan Airport Expansion Project can be dissected into its constituent parts: the initial approval of the project, reviewable in this Court, and the funding of the project, reviewable in the district court. We disagree.
 
 
 18
 The courts of appeals have exclusive jurisdiction to review a determination of the FAA even if only a substantial portion of that decision was made under Chapter 20 of the Act. See National Parks, 998 F.2d at 1527-28; Suburban O'Hare, 787 F.2d at 192-93 ("If a decision of an administrative agency is based, in substantial part, on a statutory provision providing for exclusive review by a court of appeals, then the entire proceeding must be reviewed by a court of appeals."). This is true even where the FAA may also have had an additional and independent basis for its determination. See National Parks, 998 F.2d at 1528 (holding that courts of appeals have exclusive jurisdiction to review FAA decision where "[t]he determinations regarding the environmental impact of the airport were necessary to the FAA's decision to fund the proposed airport. While these determinations were made under statutes other than the FAA Act, all were taken under the FAA's organic statute...."); Communities, Inc. v. Busey, 956 F.2d 619, 622 (6th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 408, 121 L.Ed.2d 332 (1992); Suburban O'Hare, 787 F.2d at 192-93.
 
 
 19
 Indeed, courts of appeals, in actions challenging FAA decisions, have uniformly rejected attempts by litigants to bifurcate issues or to cull out independent claims for review in the district courts. See, e.g., Suburban O'Hare, 787 F.2d at 192; City of Alexandria v. Helms, 728 F.2d 643, 646 (4th Cir.1984); City of Rochester v. Bond, 603 F.2d 927, 936 (D.C.Cir.1979) ("The policy behind having a special review procedure in the first place similarly disfavors bifurcating jurisdiction over various substantive grounds between district court and the court of appeals."). Thus, if the FAA decision to approve the airport layout plan and fund the Penn Yan Airport Expansion Project was made in substantial part pursuant to Chapter 20 of the Act, exclusive jurisdiction to review that determination rests with this Court. See National Parks, 998 F.2d at 1527-28; Suburban O'Hare, 787 F.2d at 192.
 
 
 20
 In the case before us, we find that because the airport layout plan approval was a necessary predicate to the FAA's determination to fund the project, the FAA's decision was made in substantial part pursuant to Chapter 20 of the Act. Notably, by incorporating the project application into the grant agreement, the FAA's award of funding incorporated the airport layout plan approval and the finding of no significant impact approval, determinations made under Chapter 20 of the Act. As such, the actual funding decision was based in substantial part on the FAA's approval under Chapter 20 of the Act. Accordingly, we reject the Plaintiffs' argument that the FAA's decision to proceed with the airport project can be bifurcated and challenged in competing forums.
 
 
 21
 (2) Substantive Claim Alleged in Complaint
 
 
 22
 The Plaintiffs next argue that because the agency action challenged in their complaint is not the FAA approval of the airport layout plan, but rather the FAA's award of federal funding for the project, their claims are not subject to exclusive review by this Court. The Plaintiffs' argument, that the Act's exclusive statutory review scheme depends upon the substantive claim alleged in the complaint, is essentially the same argument discussed above, only cast in different terms.
 
 
 23
 The exclusive jurisdiction of courts of appeals to review FAA determinations based in substantial part on Chapter 20 of the Act applies without regard to the other substantive claims asserted in the complaint. See City of Rochester, 603 F.2d at 936. In City of Rochester, the Federal Circuit held:
 
 
 24
 The rationale for statutory review is that coherence and economy are best served if all suits pertaining to designated agency decisions are segregated in particular courts. The choice of forum is ... for Congress and we cannot imagine that Congress intended the exclusivity vel non of statutory review to depend on the substantive infirmity alleged.
 
 
 25
 Id.
 
 
 26
 The fact that the Plaintiffs in the case at bar characterized their challenge as a claim for violation of the NEPA or the AAIA does not change the fact that the substantive claims alleged in their complaint are based in substantial part on the FAA's determination made pursuant to Chapter 20 of the Act. See id.; see also National Parks, 998 F.2d at 1528; Communities, Inc., 956 F.2d at 622; Suburban O'Hare, 787 F.2d at 192-93. We therefore reject the Plaintiffs' argument that the district court erred in holding that it was without jurisdiction to hear the claims alleged in their complaint.
 
 
 27
 In sum, because the FAA's determination in the instant matter to approve and fund the Penn Yan Airport Project was made in substantial part pursuant to Chapter 20 of the Act, we conclude that we have exclusive jurisdiction to review the FAA's decision.
 
 CONCLUSION
 
 28
 Based on the foregoing, we affirm the judgment of the district court.